UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHRYN LIZ BEWLEY,

Plaintiff,

v. CASE NO. 6:26-cv-574-SJH

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

**MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying benefits under the Social Security Act ("Act"). In a decision dated April 11, 2025, the Administrative Law Judge ("ALJ") found that Plaintiff's disability ended on September 6, 2023, and that Plaintiff had not become disabled again since that date. Tr. 37–58. For the reasons herein, the Commissioner's decision is **reversed and remanded** for further administrative proceedings.

## I. Standard of Review

Plaintiff appeals the denial of benefits under Title II of the Act, 42 U.S.C. § 401 *et seq.*[2] Under 42 U.S.C. § 405(g), judicial review "is limited to an inquiry into whether

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

[2] The regulations under Title II are located at 20 CFR pt. 404.

there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. Nor may a reviewing court "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (quotation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315–16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## II. Background and Issue on Appeal

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[4]

In the decision under review,[5] the ALJ applied the eight-step sequential process used in evaluating continuing-disability reviews, 20 C.F.R. § 404.1594(f).[6] *See* Tr. at 37–58.

---

[4] Because the definitions of disability under Title II and Title XVI of the Act are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[5] The procedural history of this case is summarized by the parties in their briefing and not repeated herein except to the extent necessary to address the issue raised by Plaintiff in this appeal. *See* Doc. 6 at 1–2; Doc. 7 at 1–3.

[6] *See Klaes v. Comm'r of Soc. Sec.*, 719 F. App'x 893, 895 (11th Cir. 2017) ("The ALJ applies an eight-step analysis to determine continuing disability: (1) whether the claimant is engaging in substantial gainful activity; (2) if not gainfully employed, whether the claimant has an impairment or combination of impairments that meets or equals a listed condition; (3) if impairments do not meet a listing, whether there has been medical improvement; (4) if there has been medical improvement, whether the improvement is related to the claimant's ability to do work; (5) if there is improvement not related to the claimant's ability to do work, whether an exception to medical improvement applies, *see* 20 C.F.R. § 404.1594(d), (e); (6) if

Plaintiff asserts a single issue on appeal, arguing that "[t]he ALJ's finding that medical improvement occurred as of September 6, 2023, is not based on the correct legal standards or supported by substantial evidence." Doc. 6 at 5 (emphasis removed).

**III. Analysis**

Plaintiff argues that the ALJ's finding of medical improvement as of September 6, 2023, is not based on the correct legal standards or supported by substantial evidence. *Id.* at 5–8. As discussed herein, the undersigned agrees that the ALJ erred.

The Eleventh Circuit has "recognized that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement" such that an ALJ must "actually compare the old and new evidence" to find medical improvement. *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984); *see also Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012) ("The ALJ must 'actually compare' the previous and current medical evidence to show that an improvement occurred. If the ALJ fails to evaluate the prior medical evidence and make such a comparison, we must 'reverse and remand for application of the proper legal standard.'" (internal citations omitted)); *Reyes v. O'Malley*, No. 8:23-cv-123-AEP,

medical improvement is related to the claimant's ability to do work or if an exception applies, whether the complainant has a 'severe impairment,' *see id.* § 404.1521; (7) if the claimant has a severe impairment, whether the claimant can perform past relevant work; and (8) if the claimant cannot perform past relevant work, whether the claimant can perform other work. *Id.* § 404.1594(f)(1)-(8)."); *see also Johnson v. Comm'r, Soc. Sec. Admin.,* 618 F. App'x 544, 547–48 (11th Cir. 2015).

2024 WL 939597, at *4 (M.D. Fla. Mar. 5, 2024); *Lane o/b/o R.W. v. Comm'r of Soc. Sec.*, No. 8:20-cv-647-SPF, 2021 WL 3701559, at *3 (M.D. Fla. Aug. 20, 2021).

Here, the most recent favorable finding of disability, that is the comparison point decision ("CPD"), was September 18, 2020. Tr. at 39; *see also* Doc. 6 at 1, 3; Doc. 7 at 1, 5. As to medical improvement, the ALJ stated in pertinent part as follows:

> A review of the totality of the evidence supports that medical improvement has occurred. At the CPD, the claimant experienced a ruptured aneurysm resulting in a stroke, leading to memory impairment, word finding difficulties, confusion, poor concentration, depressed mood, and constructed affect (Ex. B1F and B7F). At an evaluation on April 23, 2019, the claimant demonstrated low immediate memory, with overall memory score in the 13th percentile (Ex. 8F). She required frequent emergency room treatment for headaches with associated vomiting and nausea in 2019 and 2020 (Ex. 21F). Treatment notes reflected her upper motor skills were impaired bilaterally due to slowness; however, slightly slower on her non-dominant left side. Grip strength was impaired bilaterally (Ex. 20F/16-19).
>
> Current evidence shows medical improvement. Her migraines are improved and controlled with medication (Ex. B4F/4, B5F/6). Her memory was noted as intact on consultative examination (Ex. B9F/3) and in treatment notes (Ex. B2F/3, 8). Although on one examination she was noted to be dragging her right lower extremity slightly, and unsteady station was observed, she had full motor strength in her extremities (Ex. B5F/7). Moreover, other examinations note a steady gait and normal ambulation (Ex. B7F/15, 32). Physical examination findings were typically normal including, unremarkable psychiatric and extremities findings (Ex. B4F/5, B14F/9).
>
> The most current psychological evaluation the claimant's mood and thought contact were normal. Her attention and concentration were intact. The claimant's memory, insight judgement was adequate (Ex. B9F).

Tr. at 42. Defendant cites to the first paragraph from above to argue that the ALJ properly considered prior evidence from the CPD to conduct the requisite comparison.

Doc. 7 at 9–12. But notably, Defendant cites only to the single paragraph from the ALJ itself, not any underlying records cited by the ALJ. Doing the latter would be impossible. For example, the ALJ cites to Exhibit B8F for the proposition that "[a]t an evaluation on April 23, 2019, the claimant demonstrated low immediate memory, with overall memory score in the 13th percentile." Tr. at 42. But the cited record is a single page payment-instruction form from August 8, 2023, stating nothing whatsoever about any April 2019 evaluation. *Id.* at 548; *see also id.* at 57 (describing Exhibit B8F as "No MER Available"). Nor do Exhibits B1F or B7F, purportedly supporting the ALJ's discission of medical evidence "[a]t the CPD," bear any resemblance to or provide any support of the ALJ's description and discussion. *See id.* at 42, 401–05, 477–547; *see also id.* at 57 (describing Exhibits B1F and B7F as post-CPD medical records). And Exhibits 20F and 21F, also purportedly cited by the ALJ in the passage cited by Defendant with respect to comparison for medical improvement, do not exist in the administrative record (which ends at Exhibit B14F) *at all*. *See id.* at 42, 57–58, 627; *see also* Doc. 5 at 1–4 (Certification and Court Transcript Index).

In short, the records cited by the ALJ for the requisite comparison are either mischaracterized or do not exist in the record at all. *Cf. Fricker v. Comm'r of Soc. Sec.*, No. 6:20-cv-1902-GKS-GJK, 2022 WL 769994, at *2–3 (M.D. Fla. Jan. 18, 2022), *report and recommendation adopted,* 2022 WL 767839 (M.D. Fla. Mar. 14, 2022); *Smith v. Comm'r of Soc. Sec.*, No. 6:13-cv-52-Orl-18DAB, 2014 WL 842574, at *10 (M.D. Fla. Mar. 4, 2014); *Jones v. Astrue*, No. 3:10-cv-38, 2011 WL 2462075, at *3–4 (S.D. Ga.

May 25, 2011), *report and recommendation adopted,* 2011 WL 2462188 (S.D. Ga. June 17, 2011). Indeed, it does not appear that the administrative record even includes medical records from before the CPD, which would appear to make the requisite comparison impossible. *See* Doc. 5 at 2–4; Tr. at 54–58; *see also Reyes*, 2024 WL 939597, at *5–7; *Lane*, 2021 WL 3701559, at *3–4.

## IV. Conclusion

Accordingly, it is **ordered**:

1. The Commissioner's decision is **reversed** and this case is **remanded** to the Commissioner for further proceedings consistent with this Order; and

2. The Clerk of Court is **directed** to enter judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g) and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 27, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record